IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELTON VASSAR VANOVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-cv-03106-SHL-atc ) |
| WARDEN C. HARRISON, | ) ) |
| Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING § 2241 PETITION AS MOOT, DISMISSING PENDING MOTION (ECF NO. 7) AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1, "§ 2241 Petition") filed by Petitioner Shelton Vassar Vanover, a former federal prisoner.[1] Harrison has filed a Motion to Dismiss for Lack of Jurisdiction, or in the alternative, Transfer. (ECF No. 7.) For the following reasons, Vanover's § 2241 Petition is **DISMISSED AS MOOT**.

---

[1] The envelope in which Vanover sent his § 2241 Petition to this Court has a return address for a residence in Quincy, Florida. (ECF No. 1-2 at PageID 14.) Respondent Warden C. Harrison indicates that, as of September 24, 2025, the Bureau of Prisons ("BOP") had designated Vanover to home confinement overseen by the Tallahassee, Florida, Residential Reentry Center ("RRC"). (ECF No. 7-1 at PageID 25.) However, the BOP's Inmate Locator reflects that Vanover was released from BOP custody as of February 20, 2026. *See* bop.gov/inmateloc/ (click "Find By Number"; type 21615-017; then click "Search") (last accessed Feb. 24, 2026). Considering Respondent's assertion that Vanover was, until recently, designated to home confinement, the Clerk is **DIRECTED** to modify the docket to reflect the Quincy, Florida, address that Vanover provided when he filed his § 2241 Petition (*see* ECF No. 1-2 at PageID 14).

I. **BACKGROUND**

On September 20, 2012, in the United States District Court for the Northern District of Florida, Vanover pleaded guilty to three counts of distribution of cocaine base, in violation of 21 U.S.C. § 41(a)(1). *See* Plea Agreement, *United States v. Vanover*, No. 4:12-cr-00031-RH-GRJ (N.D. Fla. ECF No. 21). On January 4, 2013, the court sentenced Vanover to 188 months of incarceration, to be followed by a six-year term of supervised release. *See id.* (ECF No. 33) (Judgment in a Criminal Case).

II. **THE PETITION**

Vanover filed the instant § 2241 Petition on December 4, 2025. (No. 2:25-cv-3106, ECF No. 1.) He states that, on August 12, 2024, he was released from the Federal Correctional Institution ("FCI") in Memphis and transferred to community confinement at the Tallahassee RRC. (*Id.* at Page ID 1.) Then, on September 29, 2024, Vanover asserts he was returned to "secure confinement" in the BOP. (*Id.*) The BOP also "rescinded an award of one year [of] good time" under the First Step Act ("FSA"). (*Id.*) According to Vanover, he was removed from community confinement because his Probation Officer "said [Vanover] refused to participate in the GED program, which is untrue." (*Id.* at PageID 2.) Vanover requests that the Court order Respondent to return him to the RRC and reinstate his one year of FSA credit. (*Id.* at PageID 3.) Alternatively, Vanover seeks immediate release from custody.[2] (*Id.* at PageID 4.)

---

[2] Vanover also seeks "damages of $2,000 per day since September 29, 2024." (ECF No. 1 at PageID 3.) Damages are not an available federal remedy for a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *Carranza v. Michigan*, No. 1:14-cv-904, 2014 WL 4542471, at *2 (W.D. Mich. Sept. 11, 2024) ("Petitioner may not obtain damages in this action . . . because damages are not available under § 2241.").

On January 22, 2026, Harrison filed a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Transfer.  (ECF No. 7.)  Respondent's Motion is supported by the Declaration of Misty Shaw, a BOP paralegal with access to official records for BOP inmates (ECF No. 7-1), as well as by the BOP Inmate Locator that indicates Vanover was released from custody as of February 20, 2026.  Harrison contends that Vanover's § 2241 Petition should either be dismissed for lack of jurisdiction or transferred to the United States District Court for the Northern District of Florida because Vanover was designated to home confinement supervised by the Tallahassee RRC as of September 24, 2025.  (ECF No. 7 at PageID 21–22.)

III.     ANALYSIS

Pursuant to 28 U.S.C. § 2241, this Court is authorized to issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."  However, "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const. art. III,  § 2).  A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep in there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and

3

redressable by invalidation of the conviction." *Spencer*, 524 U.S. at 7. Once the prisoner's sentence has been expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*

Here, the § 2241 Petition is moot because Vanover has completed his custodial sentence and is no longer in BOP custody. As noted above, Vanover seeks a return to the RRC or, alternatively, immediate release. (ECF No. 1 at PageID 3-4.) Vanover also seeks reinstatement of one year of FSA credit. (*Id.* at PageID 3.) However, because Vanover has completed his custodial sentence, the question of whether he should receive the credit and be released is moot. Essentially, the Court is "unable to grant the requested relief." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). For these reasons, the § 2241 Petition (ECF No. 1) and Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Transfer (ECF No. 7) are **DISMISSED AS MOOT**. Judgment shall be entered for Respondent.

## IV.     APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper

status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Vanover leave to appeal in forma pauperis.

**IT IS SO ORDERED**, this 25th day of February, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE